IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                     Petitioner,

  v.                                                  OPINION and ORDER

BRIAN FOSTER,                                      18-cv-942-jdp

                    Respondent.[1]

---

Robert Pierre Kidd, appearing pro se, is a prisoner at Waupun Correctional Institution. Kidd brings a petition for writ of habeas corpus under 28 U.S.C. § 2254. He contends that his 2001 conviction for three counts of second-degree reckless homicide in the circuit court for Milwaukee County is invalid because he was incompetent at the time of his plea because of medication he was taking, and that a police report shows that someone other than him was the perpetrator.

The next step is for the court to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under this rule, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this pro se petition, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

I will dismiss the petition because my review shows that Kidd has already brought a habeas petition about this conviction. Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not

---

[1] I have amended the caption to name the warden of Kidd's prison as the respondent. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999). That standard is met in this case.

In 2004, Kidd brought a habeas petition in the United States District Court for the Eastern District of Wisconsin, challenging the same conviction raised in this case. The court dismissed the petition, *Kidd v. McCaughtry*, No. 04-C-604, 2007 WL 128355 (E.D. Wis. Jan. 8, 2007), and the Court of Appeals for the Seventh Circuit affirmed that decision.

If Kidd believes that he qualifies for an exception to the rule against filing successive petitions, he must seek permission to file his petition with the court of appeals. I have no authority to consider the petition until that court gives its approval. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the

file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999). That standard is met in this case.

In 2004, Kidd brought a habeas petition in the United States District Court for the Eastern District of Wisconsin, challenging the same conviction raised in this case. The court dismissed the petition, *Kidd v. McCaughtry*, No. 04-C-604, 2007 WL 128355 (E.D. Wis. Jan. 8, 2007), and the Court of Appeals for the Seventh Circuit affirmed that decision.

If Kidd believes that he qualifies for an exception to the rule against filing successive petitions, he must seek permission to file his petition with the court of appeals. I have no authority to consider the petition until that court gives its approval. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the

parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would not debate whether this petition qualifies as "second or successive," I will not issue Kidd a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

ORDER

IT IS ORDERED that:

1. The petition for writ of habeas corpus filed by Robert Pierre Kidd, Dkt. 1, is DISMISSED for lack of authorization as a second or successive application.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered December 12, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge